**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: VARDAKIS, DEBRA L. § Case No. 10-10409
§
§
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on March 11, 2010. The undersigned trustee was appointed on March 11, 2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of  $ 110,691.41

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 22,069.04 |
| Administrative expenses | 38,008.05 |
| Bank service fees | 1,574.08 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 2,450.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1] | $ 46,590.24 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 09/27/2010 and the deadline for filing governmental claims was 09/27/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $8,662.07. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $8,662.07, for a total compensation of $8,662.07.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/13/2015            By: /s/GLENN R. HEYMAN
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 10-10409　　　　　　　　　　　　　**Trustee:** (330360)　GLENN R. HEYMAN
**Case Name:** VARDAKIS, DEBRA L.　　　　　　　　**Filed (f) or Converted (c):** 03/11/10 (f)
　　　　　　　　　　　　　　　　　　　　　　　　　　**§341(a) Meeting Date:** 05/04/10
**Period Ending:** 01/13/15　　　　　　　　　　　　**Claims Bar Date:** 09/27/10

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|
| 1　checking accounts, certificates of deposit<br>　　Orig. Asset Memo: Orig. Description: checking accounts, certificates of deposit or in banks, savings and loan, building and loan, and associations, or credit brokerage houses, or; Imported from original petition Doc# 1 | 50.00 | 0.00 | | 0.00 | FA |
| 2　normal household goods and related in storage au<br>　　Orig. Asset Memo: Orig. Description: normal household goods and related in storage audio, video, and computer; Imported from original petition Doc# 1 | 1,500.00 | 0.00 | | 0.00 | FA |
| 3　Normal wardrobes and related<br>　　Orig. Asset Memo: Orig. Description: Normal wardrobes and related; Imported from original petition Doc# 1 | 300.00 | 0.00 | | 0.00 | FA |
| 4　2009 expected tax refunds<br>　　Orig. Asset Memo: Orig. Description: 2009 expected tax refunds; Imported from original petition Doc# 1 | 0.00 | Unknown | | 0.00 | FA |
| 5　1/2 interest in marital residence in New Jersey<br>　　Orig. Asset Memo: Orig. Description: Debtor put down $45,000 in debtor's estranged husband's home counterclaims of the debtor, 1997 & 1998 for down deposit to purchase the lot and to build rights to setoff claims. Give the home 2 years before they were married. Debtor was never on the deed even though estranged husband promised to so at the time. Debtor's husband signed the quit claim deed add the debtor to the deed but signed quitclaim deed was recorded. Current value of the home is $500,000. Debtor 1/2 interest on marital residence in New Jersey.; Imported from original petition Doc# 1 | 250,000.00 | 250,000.00 | | 0.00 | FA |
| 6　2005 Hyundai Tucson<br>　　Orig. Asset Memo: Orig. Description: 2005 Hyundai Tucson; Imported from original petition Doc# 1 | 4,675.00 | 0.00 | | 0.00 | FA |
| 7　Litigation in New Jersey re: marital property  (u)<br>　　Litigation pending value still unknown.  (See Footnote) | 1.00 | 100,000.00 | | 110,691.41 | FA |

# Form 1

Page: 2

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 10-10409  
**Case Name:** VARDAKIS, DEBRA L.  

**Period Ending:** 01/13/15

**Trustee:** (330360)   GLENN R. HEYMAN  
**Filed (f) or Converted (c):** 03/11/10 (f)  
**§341(a) Meeting Date:** 05/04/10  
**Claims Bar Date:** 09/27/10

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 7  Assets  Totals (Excluding unknown values) | $256,526.00 | $350,000.00 | | $110,691.41 | $0.00 |

RE PROP# 7    04/2012: Litigation still pending in NJ

---

**Major Activities Affecting Case Closing:**

12/03: Filed TFR with USTO (dk)

11/18: Order entered; cut check to deposit with Clerk of the Court (dk)

10/31/2014: Cut check to Debra Vardakis, not cashed, sent ltr on 10/1, no response. Filed MT to Dep Funds with Court; Hearing on 11/18 (dk)

06/30/2014: Hearing for Steven Vardakis claim cont' to 07/28 due to Debra Vardakis response.  Trustee filed his reply to Section 3002 claim of Dan Winter, atty for Steven Vardakis.  Objection to Maselli Warren claim overruled (dk)

06/20/2014: Order to pay special Counsel entered; cut checks, hearing regarding claim objections continued to 06/30/2014 (dk)

05/19/2014: Claim objections and MT to Pay Special Counsel hearing held, continued to 6/13 (dk)

04/28/2014: Filed MT to Pay Special Counsel, hg 05/19/2014 (dk)

04/18/2014: Objections to 3 claims filed; hearing on 05/19/2014 (dk)

03/20/2014: New address for Debtor in Palatine noted (dk)

03/18/2014: Reviewed claims, will file objections (dk)

12/31/2013: Rec'd settlement monies, will file motion to pay special counsel (dk)

03/30/2013: Divorce judgment on appeal - settlement still pending in NJ.

12/30/2011: Divorce settlement still pending in NJ.

05/2011: Divorce settlement pending in NJ.

01/31/2011: Atty in NJ says case is up for hearing on 02/01.  May be a 80K settlement.  Debtor is uncooperative however. (dk)


**Initial Projected Date Of Final Report (TFR):**   December 31, 2012        **Current Projected Date Of Final Report (TFR):**   February 28, 2015

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 10-10409 | Trustee: | GLENN R. HEYMAN (330360) |
|---|---|---|---|
| Case Name: | VARDAKIS, DEBRA L. | Bank Name: | Rabobank, N.A. |
| | | Account: | ******7866 - Checking Account |
| Taxpayer ID #: | **-***9123 | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 01/13/15 | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 10/18/13 | {7} | IOLTA/Ulrichsen Rosen & Freed LLC | Settlement from Divorce Judgment | 1249-000 | 110,691.41 | | 110,691.41 |
| 10/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 53.07 | 110,638.34 |
| 11/29/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 148.52 | 110,489.82 |
| 12/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 174.82 | 110,315.00 |
| 01/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 163.95 | 110,151.05 |
| 02/05/14 | 101 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON BANK BALANCE AS OF 12/31/2013 FOR CASE #10-10409, Blanket bond premium bond#016026455 | 2300-000 | | 81.60 | 110,069.45 |
| 02/28/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 147.83 | 109,921.62 |
| 03/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 152.83 | 109,768.79 |
| 04/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 168.42 | 109,600.37 |
| 05/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 157.64 | 109,442.73 |
| 06/20/14 | 102 | William Boyd | Special Counsel Fees per Court Order June 20, 2014 | 3210-600 | | 36,896.77 | 72,545.96 |
| 06/20/14 | 103 | William Boyd | Special Counsel Expenses per Court Order June 20, 2014 | 3220-610 | | 1,029.68 | 71,516.28 |
| 06/20/14 | 104 | Debra Vardakis | Debtor's Exemption Stopped on 11/18/14 | 8100-004 | | 2,450.00 | 69,066.28 |
| 06/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 150.35 | 68,915.93 |
| 07/30/14 | 105 | Maselli Warren, P.C. | Payment of secured claim no. 1 per Court Order 07/28/2014 | 4210-000 | | 22,069.04 | 46,846.89 |
| 07/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 112.92 | 46,733.97 |
| 08/29/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 68.38 | 46,665.59 |
| 09/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 75.35 | 46,590.24 |
| 11/18/14 | 104 | Debra Vardakis | Debtor's Exemption Stopped: check issued on 06/20/14 | 8100-004 | | -2,450.00 | 49,040.24 |
| 11/18/14 | 106 | Clerk of the United States Bankruptcy Court | Unclaimed Funds - Debtor's Exemption Deposit per Court Order 11-18-2014 | 8100-002 | | 2,450.00 | 46,590.24 |

|  |  |  |
|---|---:|---:|
| ACCOUNT TOTALS | 110,691.41 | 64,101.17 | $46,590.24 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | 110,691.41 | 64,101.17 | |
| Less: Payments to Debtors | | 2,450.00 | |
| **NET Receipts / Disbursements** | **$110,691.41** | **$61,651.17** | |

{} Asset reference(s)

Printed: 01/13/2015 02:08 PM    V.13.15

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

**Case Number:** 10-10409  
**Case Name:** VARDAKIS, DEBRA L.  
**Taxpayer ID #:** **-***9123  
**Period Ending:** 01/13/15  

**Trustee:** GLENN R. HEYMAN (330360)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******7866 - Checking Account  
**Blanket Bond:** $5,000,000.00   (per case limit)  
**Separate Bond:** N/A  

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|

| | | Net Receipts : | 110,691.41 | | | | |
| | | Less Payments to Debtor : | 2,450.00 | | | | |
| | | Net Estate : | $108,241.41 | | | | |

| | | | | | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|---|---|---|---|
| | | | TOTAL - ALL ACCOUNTS | | | | |
| | | | Checking # ******7866 | | 110,691.41 | 61,651.17 | 46,590.24 |
| | | | | | $110,691.41 | $61,651.17 | $46,590.24 |

{} Asset reference(s)                                                                                   Printed: 01/13/2015 02:08 PM    V.13.15

# Claims Proposed Distribution

## Case:  10-10409   VARDAKIS, DEBRA L.

**Case Balance:**  $46,590.24        **Total Proposed Payment:**  $46,590.24        **Remaining Balance:**  $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| 1 | Maselli Warren, P.C. | Secured | 22,069.04 | 22,069.04 | 22,069.04 | 0.00 | 0.00 | 46,590.24 |
|  | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 454.38 | 454.38 | 0.00 | 454.38 | 454.38 | 46,135.86 |
|  | <3120-00   Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
|  | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 19,721.50 | 19,721.50 | 0.00 | 19,721.50 | 19,721.50 | 26,414.36 |
|  | <3110-00   Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
|  | GLENN R. HEYMAN | Admin Ch. 7 | 8,662.07 | 8,662.07 | 0.00 | 8,662.07 | 8,662.07 | 17,752.29 |
|  | <2100-00   Trustee Compensation> | | | | | | | |
| 2 -2 | PHARIA L.L.C. | Unsecured | 9,813.84 | 9,813.84 | 0.00 | 9,813.84 | 9,455.57 | 8,296.72 |
| 3 | PYOD LLC its successors and assigns as assignee of | Unsecured | 6,611.09 | 6,611.09 | 0.00 | 6,611.09 | 6,369.74 | 1,926.98 |
| 4 | Richard Turner, Jr. | Unsecured | 2,000.00 | 2,000.00 | 0.00 | 2,000.00 | 1,926.98 | 0.00 |
| 5 | Ruth Turner | Unsecured | 19,000.00 * | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 6 | Steven Vardakis | Unsecured | 15,685.82 | 15,685.82 | 0.00 | 15,685.82 | 0.00 | 0.00 |
|  | **Total for Case 10-10409 :** | | **$104,017.74** | **$85,017.74** | **$22,069.04** | **$62,948.70** | **$46,590.24** | |

## CASE SUMMARY

|  | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $28,837.95 | $28,837.95 | $0.00 | $28,837.95 | 100.000000% |
| **Total Secured Claims :** | $22,069.04 | $22,069.04 | $22,069.04 | $0.00 | 100.000000% |
| **Total Unsecured Claims :** | $53,110.75 | $34,110.75 | $0.00 | $17,752.29 | 52.043095% |

(*) Denotes objection to Amount Filed

**TRUSTEE'S PROPOSED DISTRIBUTION**　　　　　　　　Exhibit D

Case No.: 10-10409
Case Name: VARDAKIS, DEBRA L.
Trustee Name: GLENN R. HEYMAN

**Balance on hand:**　　　$　46,590.24

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | Maselli Warren, P.C. | 22,069.04 | 22,069.04 | 22,069.04 | 0.00 |

Total to be paid to secured creditors:　$　0.00
Remaining balance:　$　46,590.24

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - GLENN R. HEYMAN | 8,662.07 | 0.00 | 8,662.07 |
| Attorney for Trustee, Fees - Crane, Heyman, Simon, Welch & Clar | 19,721.50 | 0.00 | 19,721.50 |
| Attorney for Trustee, Expenses - Crane, Heyman, Simon, Welch & Clar | 454.38 | 0.00 | 454.38 |

Total to be paid for chapter 7 administration expenses:　$　28,837.95
Remaining balance:　$　17,752.29

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:　$　0.00
Remaining balance:　$　17,752.29

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims:    $          0.00
Remaining balance:                       $     17,752.29

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 18,424.93 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 96.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 -2 | PHARIA L.L.C. | 9,813.84 | 0.00 | 9,455.57 |
| 3 | PYOD LLC its successors and assigns as assignee of | 6,611.09 | 0.00 | 6,369.74 |
| 4 | Richard Turner, Jr. | 2,000.00 | 0.00 | 1,926.98 |
| 5 | Ruth Turner | 0.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims:   $     17,752.29
Remaining balance:                                      $          0.00

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 15,685.82 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Steven Vardakis | 15,685.82 | 0.00 | 0.00 |
| | Total to be paid for tardy general unsecured claims: | | $ | 0.00 |
| | Remaining balance: | | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |
| | Total to be paid for subordinated claims: | | $ | 0.00 |
| | Remaining balance: | | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**